## HOKE·ENGRAVING PLATE CO. *v.* SCHRAUBSTADTER.

*(Circuit Court, E. D. Missouri, E. D.* September 21, 1891.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—ENGRAVING PLATES.
    Claims 3, 5, 6, and 7 of letters patent No. 388,361, issued August 21, 1888, to Joseph W. Hoke, for engraving plates, are valid.
2. SAME.
    On an invention by which, with the use of silicate of soda or of potash, a soft coating is made to adhere to an engraving plate, a patent claiming a base-plate with a smooth, hard, upper surface, and a soft, friable coating of minute particles of powdered matter, loosely bonded together, and more strongly bonded to the base-plate by a soluble mineral bond, so that the particles of the coating next the base-plate adhere thereto more strongly than the particles above them adhere to them or to each other, is void as too general, since it would preclude an invention by which the same result might be reached by the use of some other mineral bond than silicate of soda or potash.

In Equity. Suit for an accounting and to enjoin infringement of letters patent No. 338,361, issued August 21, 1888, to Joseph W. Hoke.
*Benjamin F. Rex,* for complainant.
*Geo. H. Knight* and *Wm. M. Eccles,* for defendant.

THAYER, J. In this case defendant admits infringement,—not in-fringement of certain specific claims, but infringement generally; there-fore, the burden is on the defendant to show the invalidity of all the claims of the patent. He has not succeeded in doing so to my satisfaction. The third, fifth, sixth, and seventh claims, in my judgment, have not been successfully assailed, and are accordingly upheld. For reasons that were to some extent indicated at the trial, I have concluded that the first and second claims ought not to have been allowed. They are too broad,—broader, in fact, than the invention. They are so drawn as to cover all processes of making a certain kind of "engraving plate," whereas the inventor has only discovered and described one process. Furthermore, the new article of manufacture claimed is not new, except in the sense that the inventor has employed a new ingredient to form the soft, friable coating of the plate on which the engraving is done. The two claims in question are as follows:

"I claim—(1) as a new article of manufacture, an engraving plate having a base-plate with a smooth, hard, upper surface and a soft, friable coating of minute particles of powdered matter, loosely bonded together, and having those particles of the coating next the base-plate more strongly bonded to it than the particles above them are bonded either to them or to each other; (2) as a new article of manufacture, an engraving plate composed of a base-plate having a smooth, hard, upper surface, a soluble mineral bond, and a soft, fri-able coating of fine earthy particles, loosely bonded together, and more strongly bonded to the base-plate by said soluble mineral bond, so that the particles of the coating next the base-plate adhere thereto more strongly than the parti-cles above them adhere to them or to each other, as and for the purposes de-scribed."

It will be observed that the patentee claims substantially every kind of engraving plate having a coating composed of minute particles of pow-dered earthy matter, the particles whereof have the property of adhering more strongly to the base-plate than they adhere to each other. In his specification, however, he only describes one way in which such a coat-

ing can be formed, and that is by mixing certain kinds of finely pow-
dered earthy matter with water, and adding thereto, as a bond, a few
drops of silicate of soda or silicate of potash.    The pasty mixture is then
spread over the surface of a smooth metal base-plate, and heated, and,
as the inventor says, the particles of the coating thus formed have a
stronger affinity for the base-plate than they have for each other.    The
stronger affinity for the base-plate, however, is confessedly due to the
peculiar chemical qualities of silicate of soda or potash, which is used
as a bond.    The merit of the invention seems to consist in the discovery
of the great advantages to be gained by using silicate of soda in making
a coating for engraving plates, and also in discovering and pointing out
in what proportions, and in what way, it may be used to produce the
best results.    It is true that the patentee says in his specification that
he "was the first to discover the desirability of bonding the particles of
the coating very loosely together, and more strongly to the base-plate
than to each other;" but, even if that is so, he is not entitled to a monop-
oly of every method of attaining a given result, merely because he has
discovered that such a result is desirable, and one mode of attaining it.
Particularly is that the case when the product of the process is not dis-
tinctively new, but is merely superior to a product of the same general
kind that was previously known.    It may be that some person will here-
after succeed in concocting a coating for an engraving plate that will be
much superior to complainant's by the use of an ingredient in place of
silicate of soda or potash which will have the property of bonding the
particles more strongly to the base-plate than to each other, and in that
event no reason is perceived why such an inventor would not be entitled
to a patent, or why he should pay tribute to the complainant.    Prof.
Morse discovered that electro-magnetism could be made to print intel-
ligible characters at any distance, and he devised one practicable method
of applying it to that use.    He accordingly claimed the use of the gal-
vanic current as a motive power to print intelligible characters at a dis-
tance, but the claim was held to be void.    *Morse* v. *O'Reilly*, 15 How.
106.    That case is very similar in principle to the one at bar.    Mr.
Hoke, having discovered, as he says, that silicate of soda, when em-
ployed to bond the coating of an engraving plate, has the chemical prop-
erty of attaching the particles of the coating more strongly to the plate
than to each other, and that that is a desirable result, accordingly draws
his claims so as to cover the use of any other liquid or substance in mak-
ing a coating that may hereafter be discovered to possess the same chem-
ical quality.

I am satisfied that claims one and two are too broad, and cannot
stand.    It is not even probable that the patentee was the first to dis-
cover the desirability of bonding the particles of the coating more strongly
to the base-plate than to each other.    Indeed, it seems almost self-evi-
dent that every artist who has heretofore handled an engraving tool must
have discovered how desirable it was that the engraving tool should cut
through the coating easily, without causing the coating to flake from
the base-plate.    The necessity, not to say desirability, of the coating
adhering closely and evenly to the plate, was a fact that must have made

itself apparent to all artists. How to make a coating having the desirable quality in question was the problem to be solved. The patentee in this case says he has solved it in one way by the use of certain ingredients, and he is entitled to his process, and the particular product of his process described in the third claim.

A decree may be entered for an injunction, and an accounting, if complainant desires it.